IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br> 10 So. Howard Street <br> Baltimore, Maryland 21201 <br><br> Plaintiff, <br><br> v. <br><br> SO BRAN, INC. <br> 2102 Tollgate Road <br> Bel Air, Maryland 21015 <br><br> Defendant. | CIVIL ACTION NO. <br><br> COMPLAINT <br><br> <u>JURY TRIAL DEMAND</u> |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, female/pregnancy, and to provide appropriate relief to Crystal Hinshaw and other similarly situated individuals who were adversely affected by such unlawful practices. As alleged with greater particularity in paragraph 7 below, So Bran, Inc. ("Defendant Employer") unlawfully discriminated against Crystal Hinshaw and a class of similarly situated individuals on the basis of sex, female, and pregnancy by terminating Hinshaw and other similarly situated individuals because of sex/pregnancy.

JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343 and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2.  The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3), 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant Employer has continuously been doing business in the State of Maryland and the City of Bel Air and has continuously had at least 15 employees.

5.  At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.  More than thirty days prior to the institution of this lawsuit Crystal Hinshaw filed a charge with the Commission alleging violations of Title VII by Defendant Employer.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.  Since at least July, 2006, Defendant Employer has engaged in unlawful employment practices in continuing violation of Section 703(a) of Title VII, 42 U.C.S. §2000e-2(a). Such practices include, but are not limited to Defendant discharging and/or forcing the

resignation of Crystal Hinshaw and similarly situated individuals, on the basis of sex, female, and pregnancy, in violation of Section 703(a) of Title VII.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Crystal Hinshaw and similarly situated individuals of equal employment opportunities and otherwise adversely affect their status as employees, because of sex, female, and pregnancy.

9. The unlawful employment practices complained of in paragraph 7 above were and are intentional.

10. The unlawful employment practices complained of in paragraph 7 above were and are done with malice or with reckless indifference to the federally protected rights of Crystal Hinshaw and other similarly situated individuals.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from discharging and forcing individuals to resign because of sex, female, and pregnancy, and engaging in any other employment practice which discriminates on the basis of sex.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Crystal Hinshaw and similarly situated individuals by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement.

D.	Order Defendant Employer to make whole Crystal Hinshaw and similarly situated individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, in amounts to be determined at trial.

E.	Order Defendant Employer to make whole Crystal Hinshaw and similarly situated individuals by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to determined at trial.

F.	Order Defendant Employer to pay punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

G.	Order Defendant Employer to post a signed notice to all employees, conspicuously placed in Defendant's facility, that sets forth the remedial action required by the Court and informs all employees that Defendant Employer will not discriminate against any employee because of sex or pregnancy and that it will not take any action against employees because they opposed practices made unlawful under Title VII or have exercised their federally protected rights under Title VII.

H.	Grant such further relief as the Court deems necessary and proper in the public interest.

I.	Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted

RONALD S. COOPER
General Counsel


JAMES L. LEE
Deputy General Counsel

GWENDOLYN REAMS
Associate General Counsel

_____
JACQUELINE H. MCNAIR
Regional Attorney

_____
DEBRA M. LAWRENCE
Bar No. 04312
Supervisory Trial Attorney

_____
CECILE C. QUINLAN
Bar No. 06072
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
S. Howard Street, 3rd Floor
Baltimore, MD 21201
(410) 209-2728
(410) 962-4270 (fax)